IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FINANCIAL FEDERAL CREDIT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-10-3081 |
| | § | |
| A & J PUMPING, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.      Background**

Federal Financial Credit, Inc. and People's United Equipment Finance Corp. sued Allen Jones and others for nonpayment on a loan on August 26, 2010. (Docket Entry No. 1). Jones is a guarantor on a loan issued by the bank. (Docket Entry No. 5, Ex. A). The agreement between Jones and the bank provides that the "GUARANTOR DOES HEREBY AGREE TO THE JURISDICTION AND VENUE OF ANY COURT SITTING IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER." (*Id.*). Jones, an Idaho resident, has moved to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure, arguing that this court lacks personal jurisdiction over him. (Docket Entry No. 5). People's United has responded. (Docket Entry No. 6). Based on the motion, response, the contract, and the applicable law, this court denies Jones's motion to dismiss for lack of personal jurisdiction. The reasons are explained below.

**II.     Analysis**

    **A.     Rule 12(b)(2)**

Jones moves to dismiss under Rule 12(b)(2) of the Federal Rules of Civil Procedure. When a nonresident defendant challenges personal jurisdiction, the plaintiff bears the burden of demonstrating facts sufficient to support jurisdiction. *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985) (citations omitted). "The court may determine the jurisdictional issue by receiving affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Id.* "When the district court rules on a motion to dismiss for lack of personal jurisdiction 'without an evidentiary hearing, the plaintiff may bear his burden by presenting a prima facie case that personal jurisdiction is proper.'" *Quick Techs., Inc. v. Sage Group PLC*, 313 F.3d 338, 343 (5th Cir. 2002) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). The court "must accept as true the uncontroverted allegations in the complaint and resolve in favor of the plaintiff any factual conflicts." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 869 (5th Cir. 2000) (quoting *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir.1999)) (additional citations omitted). The court is not obligated to credit conclusory allegations, even if uncontroverted. *Panda Brandywine Corp. v. Potomac Elec. Power*, 253 F.3d 865, 868 (5th Cir. 2001).

    **B.     Personal Jurisdiction**

Jones argues that the forum-selection clause is not a basis for personal jurisdiction and that he has no contacts with Texas to support either general or specific jurisdiction. *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 584 (5th Cir. 2010). "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived." *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982); *PaineWebber*

*Inc. v. Chase Manhattan Private Bank (Switz.)*, 260 F.3d 453, 461 (5th Cir. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n.14 (1985)). "[P]arties to a contract may agree in advance to submit to the jurisdiction of a given court." *Nat'l Equip. Rental, Ltd. v. Szukhent*, 375 U.S. 311, 316 (1963). Whether parties have consented to a particular jurisdiction is a question of federal law. *Haynsworth v. The Corporation*, 121 F.3d at 956, 962 (5th Cir. 1997). Courts will enforce a forum-selection clause unless there is a "clear showing that the clause is '"unreasonable" under the circumstances.'" *Id.* at 963 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972)). "Unreasonableness potentially exists where (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement 'will for all practical purposes be deprived of his day in court' because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state." *Id.* (quoting *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)).

In this case, the plain language of the guaranty contract demonstrates that Jones consented to jurisdiction in "ANY COURT IN HARRIS COUNTY, TEXAS, REGARDING ANY MATTER ARISING HEREUNDER." This court sits in Harris County, Texas. The dispute arises under the guaranty agreement. This court has personal jurisdiction over Jones unless exercising that jurisdiction would be unreasonable under the circumstances. *See Alliance Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399–400 (5th Cir. 2008) (holding that a reference to a "county" instead of a "district" did not vest exclusive jurisdiction in the state courts). Jones has not argued that this court's exercise of personal jurisdiction would be unreasonable.

3

Jones's argument that this court lacks personal jurisdiction because the forum-selection clause is permissive, not mandatory, is unpersuasive.[1] The mandatory/permissive distinction is relevant only to whether a forum-selection clause allows suit in a venue other than the one specified in the contract. To preclude suit in another forum, a forum-selection clause must be mandatory. *Collin Cnty v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 50–51 (5th Cir. 2007) (unpublished) (citing *Keaty v. Freeport Indon., Inc.*, 503 F.2d 955, 966–67 (5th Cir. 1974)). A permissive clause does not prohibit litigation elsewhere but still functions as consent to the jurisdiction of the named forum. *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997); *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 128 (5th Cir. 1994).

**III.    Conclusion**

This court denies Jones's motion to dismiss for lack of personal jurisdiction.

SIGNED on November 9, 2010, at Houston, Texas.

                                                Lee H. Rosenthal
                                                United States District Judge

---

[1] It is not necessary to determine whether the forum-selection clause in the contract is mandatory or permissive to resolve this motion.